# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05cv327-T

| | |
|---|---|
| NICHOLAS and CAROL PAPOLA, | )<br>) |
| Plaintiffs, | )<br>) |
| Vs. | ) ORDER<br>) |
| PROGRESSIVE AMERICAN<br>INSURANCE COMPANY, | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the court on plaintiff's Motion to Remand. As required by 28, United States Code, Section 1446, the court has conducted an initial screening of the removal in this case, plaintiffs' Motion to Remand, and the state-court papers tendered to the court upon removal. The court has two concerns:

(1) **TIMELY REMOVAL:** What is missing from both the removal papers and plaintiffs' motion is a copy of the state court Affidavit of Service of the Summons and Complaint. This document is crucial in determining whether this action was timely removed. The only paper showing a possible date of service is a copy of the summons tendered by defendant along with the removal papers, indicating that *defendant* received the summons on October 13, 2005. (This may be irrelevant if defendant's agent received the summons and complaint earlier.)

(2) **AMOUNT IN CONTROVERSY:** While plaintiff has sought both treble and punitive damages (both of which could not be recovered), the substantive allegation of the Complaint is that defendant failed to pay for the loss of a 2002 Mercury Sable automobile. While this is no doubt a fine car, the average retail value of that particular car is now little more than $10,000.00,

according to the Kelly Blue Book®.[1]

Federal courts are courts of limited jurisdiction as well as resources, and the parties should fully consider whether this is the type of controversy that should in fact be removed to a federal court.

In responding to plaintiffs' motion and in turn filing a reply, counsel for the respective parties are respectfully requested to address these concerns, discuss the pending motion with each other as required by Local Rule 7.1(A), and consider whether it would be appropriate to tender to the court a consent Order of remand.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant file its response to plaintiffs' Motion to Remand (#3) not later than December 18, 2005, and plaintiffs file their Reply by December 28, 2005.

---

[1] Such value would be higher depending on the date such car was taken out of service.

**Signed: December 6, 2005**

Dennis L. Howell
United States Magistrate Judge