# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05cv327-T

| | |
|---|---|
| NICHOLAS and CAROL PAPOLA, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| PROGRESSIVE AMERICAN ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiffs' Motion to Remand (#3), defendant's "Motion to Set Aside Default Judgment and Entry of Default, to Deem Answer Timely Filed and Response to Plaintiffs' Motion to Remand" (#6), defendant's Memorandum in Opposition to Motion to Remand (#12) and Memorandum in Support of Motion to Set Aside Entry of Default (#12), plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Remand (#14), plaintiff's Response to Motion to Set Aside Entry of Default (#15), defendant's Reply to Plaintiffs' Response to Motion to Set Aside Entry of Default (#17), and defendant's Surreply to plaintiff's Reply filed in support of Plaintiff's Motion to Remand (#19). Also pending is defendant's Motion for Leave to File Additional Response [Surreply] to Plaintiffs' Motion to Remand (#18), which was allowed orally upon receipt to expedite this matter.

**I.  Procedural Matters**

As a matter of housekeeping, the court notes that the Clerk's office has entered two docket corrections in this matter based on the pleadings. Counsel are advised of the following pleading fundamentals: (1) never combine a new motion into a response to a previous motion; (2) always set out motions as distinct documents; and (3) follow the sequence of pleading in motions practice, which is as follows: the <u>memorandum in support</u>; the <u>response in opposition</u>; the <u>reply</u> to the response; and, when leave is granted, the <u>surreply</u> to the reply. In the new world of electronic filing,

it is most important that these "captions" be followed and that memoranda responsive to various motions be set forth in distinct documents, otherwise confusion will prevail. Counsel for the respective parties are encouraged to visit the official docket in this matter in ECF to understand the bedlam that was produced through the jumble of filings in this case.

Counsel for defendant is advised that while the court appreciates efficiency in pleading, Local Rule 7.1(A) anticipates that new motions will not be combined within responses to other motions. This preferred method of pleading allows the court's computer docketing program to track motions in an orderly fashion.

As required by 28, United States Code, Section 1446, the court earlier conducted an initial screening of the removal in this case, and determined that a key document - - the state court "Affidavit of Service" - - was missing from the removal package. This has now been remedied. The court was also concerned with the amount in controversy, inasmuch as this action involves the alleged non-payment of insurance proceeds on a modestly-valued automobile. As discussed below, the amount in controversy concern will not ripen.

**II.     Plaintiff's Motion to Remand**

This action was removed to this court on November 2, 2005, not November 3, 2005, as indicated by the file stamp appearing on docket entry 1. Defendant has made a sufficient showing that such papers were in fact delivered to the Clerk of this court on November 2, 2005, and that the file stamp indicating November 3, 2005, was applied in error, most likely due to implementation of Electronic Case Filing. Thus, the court will deem this action removed November 2, 2005, *nunc pro tunc*.

With the date of removal established, the next issue is what date defendant was served with process, because removal is effected only when a defendant files a notice of removal within 30 days after service of process. 28 U.S.C. § 1446(b). When determining the date on which to start the 30-day period, sufficiency of service of process is determined according to state law. Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 351-54 (1999).

Defendant asserts that the 30-day period for filing notice of removal did not begin to run until October 3, 2005, the first day such mail was delivered to the actual desk of Mr. Basch, making defendant's November 2, 2005, removal to this court timely.[1] Thus, plaintiff's motion to remand turns on whether plaintiffs' alleged service of process on September 30, 2005, was sufficient when such service package was purportedly received and signed for by someone at Mr. Basch's office on that date. Put another way, when serving a corporation by certified mail, is service complete when a person who is not a managing agent or officer of the corporation signs for the service package?

In North Carolina, service of process by certified mail is *presumed* complete on the day that a summons and complaint are delivered to the defendant's address. N.C. Gen.Stat. § 1A-1, Rule 4(j2)(2). Defendant has not contended that such certified mail was improperly addressed or that the address was not defendant's business address. Defendant does argue that "S" is not identified on the return receipt, making it impossible for defendant to know who in its office signed for the service package.

When service by certified mail is challenged, it is plaintiffs' burden to submit an affidavit to the Clerk of Superior Court stating that a copy of the summons and complaint was mailed and attach as an exhibit to such affidavit the return receipt which evidences that service of process was received. N.C. Gen.Stat. § 1-75.10(4). Where plaintiffs satisfy their burden of producing such an affidavit, the presumption is rebutted only upon an unequivocal showing by defendant that proper service was not made. Grimsley v. Nelson, 342 N.C. 542, 545 (1996).

Plaintiffs have satisfied their initial burden by submitting to this court a copy of the Affidavit of Service filed with the Clerk of Superior Court of Henderson County. Such affidavit, filed with the state Clerk on October 3, 2005, provides that the Summons and Complaint were mailed to defendant by certified mail. Annexed thereto is a return receipt dated September 30, 2005, signed by "S". While the certified mail was addressed to defendant, "c/o" Mr. Basch, who is a vice president of defendant, such form indicates that "restricted delivery" was not requested. A

---

[1] See calculation of time infra.

presumption of proper and complete service has arisen.

The burden now shifts to defendant to provide unequivocal evidence of improper service. In furtherance of such duty, defendant has duly filed affidavits of Jeffrey Basch, Colleen Hopkins, and the first and second affidavits of James A. Dodrill. In addition, defendant has also filed a surreply, which has been duly considered.

Mr. Basch has averred that he is a vice president of defendant and that he has not authorized anyone within the corporation to sign for certified, restricted, or registered mail addressed to him in his official capacity. He further avers that the first time he saw the certified mail in this matter was on Monday, October 3, 2005, when he found it in his in-box. Upon a review of the contents, he instructed his assistant, Ms. Hopkins, to immediately deliver the contents to in-house counsel. In turn, Ms. Hopkins avers that she complied with Mr. Basch's instructions and personally contacted in-house counsel, Mr. Dodrill, to advise him that the summons and complaint had been received. In turn, Mr. Dodrill has averred that when he received the summons and complaint from Ms. Hopkins, she informed him that it had arrived in Mr. Basch's office without any receipt or other certification of its delivery being attached, and that he was told that no one in Mr. Basch's office had signed any acknowledgment of the receipt or delivery of the summons and complaint. In addition, Mr. Dodrill avers that on or about October 13, 2005, he received notice that plaintiff had accomplished service of defendant through service on the North Carolina Department of Insurance on October 4, 2005. See the Affidavits of Basch (#7), Hopkins (#8), and Dodrill (#9 & #10).

The court finds such affidavits insufficient to rebut the presumption of service of process. The presumption of service may only be rebutted by an unequivocal showing that service of process *was not made*. See Grimsley, supra, at 545; Fender v. Deaton, 130 N.C.App. 657, 663 (1998). Such affidavits stand for the exact opposite proposition in that they unequivocally support plaintiffs' showing that service was in fact accomplished on September 20, 2005, inasmuch as such averments show that the documents reached the intended recipient, a vice-president of defendant corporation, not later than the next business day after some unknown person signed for such certified mail.

Defendant further argues that at the time Mr. Basch received those papers, they contained no receipt for acknowledgment of delivery, and he did not sign or otherwise acknowledge receipt of this mailing. Id. Again, such testimony further proves that service had occurred inasmuch as it would be most unusual for a "green card" to remain attached after certified mail is delivered. Defendant's evidence is equivocal by its very nature inasmuch as it fails to explain in any manner how mail material is received by defendant corporation and how mail, certified or otherwise, typically gets to Mr. Basch's desk. Simply put, this court has not been advised as to whether defendant has a mail room, has mail room employees, or receives its mail through a mail handling service. The form of evidence presented cannot rebut the presumption of valid service from a factual standpoint. For removal to this court to be timely, a defendant must file its notice of removal within 30 days "after receipt" of the summons an complaint:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). While it is apparent that the summons and complaint were not physically delivered by co-workers to Mr. Basch until Monday, October 3, 2005, it is equally clear that "S" received the summons and complaint on September 30, 2005, at the defendant's place of business. At this point, the court will review state law in the context of federal removal to determine whether service was completed on September 30, 2005, as a matter of law.

In Barr v. Zurich Insurance Company, 985 F.Supp. 701, 702-03 (S.D.Tex.1997), the district court found that a mail clerk in the mail room can accept service for an authorized agent of a corporation to trigger the time for removal. In Mermelstein v. Maki, 830 F.Supp. 180, 183 (S.D.N.Y.1993), the district court found that a receptionist whose responsibilities included "receiving mail and packages" could constitute receipt by the defendant for purposes of triggering the removal period. As discussed above, this court must turn to state law to determine whether service was properly accomplished on September 30, 2005. Absent any evidence from defendant

-5-

as to its mail operations, the court has assumed that "S" is either a mail room employee, a receptionist, or the person with whom the United States Postal Service makes contact with defendant in delivering the mail. The question becomes whether a mail room employee can, under North Carolina law, accept service of certified mail for an officer or managing agent of a corporation.

In making such determination, the court first turns to Rule 4(j)(6) of the North Carolina Rules of Civil Procedure, which provides for the service of a domestic or foreign corporation, as follows:

> **Domestic or Foreign Corporation**.--Upon a domestic or foreign corporation by one of the following:
>
> a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt.

N.C.G.S. § 1A-1, Rule 4(j)(6) (2003). Plaintiffs' Affidavit of Service makes clear that the mail was properly addressed to Mr. Basch as vice president of defendant, which complies with subsection (c), and that it was delivered by the United States Postal Service in accordance with subsection (a).

Defendant argues in its surreply (which incorporates arguments contained in other responsive pleadings) that Rule 4(j)(6) does not allow service by certified mail on just any employee or agent of a corporation, but instead requires delivery of the summons and complaint to an officer, director, or managing agent of a corporation. N.C. R. Civ.P. 4(j)(6)(a). Put another way, defendant argues that North Carolina law requires more than addressing certified mail to a corporate officer, it requires the United States Postal Service to secure the signature of such corporate officer on the return

receipt.

In support of this argument, defendant points to Williams v. Burroughs Welcome Co., 46 N.C.App. 459 (1980), for the proposition that service upon a corporate representative - - other that an officer, director, or managing agent - - is insufficient to effectuate service of process on a corporation. Id., at 464. Burroughs, however, dealt with in-person service by a deputy sheriff, who simply left the service package with an office manager. Williams is, however, instructive on the method of analysis of service:

> the significant factor in determining whether the court acquired jurisdiction over the corporate defendant here is whether the manner of service itself, rather than the return of the officer showing such service, complied with the applicable statute. It is the service of summons and not the return of the officer that confers jurisdiction.

Id., at 462 (citation and corresponding quotation marks deleted). The court can find no cases where Williams has been extended to service of a corporation by certified mail.

The court has closely reviewed the reported cases, both federal and state, dealing with service of a corporation by certified mail in North Carolina. The only analogous reported case this court can find is the decision of Honorable William Osteen, United States District Judge, in Cline v. Fairbanks Capital Corp., 2004 WL 1146694 (M.D.N.C. 2004). In Cline, the district court considered remand where defendant contended that service of the corporation by certified mail was improper under Rule 4(j)(6)(a)&(c), North Carolina Rules of Civil Procedure, inasmuch as the mail was signed for by someone other than a corporate officer. In that case, the plaintiff served defendant corporation in a manner nearly identical to service in this case. Defendant's affidavits in Cline indicated that while a mail room employee had signed the return receipt on May 15, 2003, such service was improper inasmuch as defendant's legal department had no record of service or receipt of that service package. Defendants averred that they were not aware of the lawsuit until May 27, 2005, when they received a second service package via Federal Express. In finding service of a corporation by certified mail when signed for by a mail room employee was proper, the district court held, as follows:

> Fairbanks asks the court to infer that service was insufficient merely from the fact that its internal procedures, designed to record service of process, do not indicate receipt of service. This form of evidence cannot rebut the presumption of valid

service.

Id., at *2. The only difference between Cline and the case now before the court is that the signature of the person was legible in Cline, while whoever signed for the service package herein left little more than his or her "mark." Despite that one difference, this case is even stronger than Cline in favor of proper service inasmuch as the defendant moving for remand in Cline argued that it had no record of ever receiving the package, while defendant herein acknowledges that Mr. Basch in fact had the service package on his desk the next business day, and that such package had indicia of the return of service having been previously attached thereto. Under the reasoning of Cline, service was complete when the certified mail was signed for on September 30, 2005.

Finally, review of the Domestic Return Receipt indicates that plaintiff did not "restrict delivery" to Mr. Basch; however, the court can find no statutory requirement under North Carolina law or any state or federal judicial decision which requires such restriction. Rule 4(j)(6)(c) simply requires plaintiffs to transmit the service package via "registered or certified mail, return receipt requested, addressed to the officer, director or agent," with no requirement that "restricted delivery" be employed. While the undersigned agrees with defendant that the method it advocates is the better practice, the court cannot find any such requirement in North Carolina law. The absence of a requirement of "restricted delivery" in Rule 4(j)(6) is telling of the intent of the drafters, inasmuch as had the drafters intended to require signature by the officer, director, or managing agent, they could have simply inserted that "restricted delivery is required" in Rule 4(j)(6)(c).

Having closely and carefully considered all of the arguments, the undersigned must find that service was effected on September 30, 2005, making such date the starting date for calculating whether removal was timely on November 2, 2005. In computing time under Rule 6(a), Federal Rules of Civil Procedure, the day service was achieved is not counted, but the last day of the period is included. Fed.R.Civ.P. 6(a). With service complete on September 30, 2005, removal must have been accomplished by October 30, 2005, which was a Sunday, making the last day for timely removal the following business day, October 31, 2005. There is no contention that the court was

service.

Id., at *2. The only difference between Cline and the case now before the court is that the signature of the person was legible in Cline, while whoever signed for the service package herein left little more than his or her "mark." Despite that one difference, this case is even stronger than Cline in favor of proper service inasmuch as the defendant moving for remand in Cline argued that it had no record of ever receiving the package, while defendant herein acknowledges that Mr. Basch in fact had the service package on his desk the next business day, and that such package had indicia of the return of service having been previously attached thereto. Under the reasoning of Cline, service was complete when the certified mail was signed for on September 30, 2005.

Finally, review of the Domestic Return Receipt indicates that plaintiff did not "restrict delivery" to Mr. Basch; however, the court can find no statutory requirement under North Carolina law or any state or federal judicial decision which requires such restriction. Rule 4(j)(6)(c) simply requires plaintiffs to transmit the service package via "registered or certified mail, return receipt requested, addressed to the officer, director or agent," with no requirement that "restricted delivery" be employed. While the undersigned agrees with defendant that the method it advocates is the better practice, the court cannot find any such requirement in North Carolina law. The absence of a requirement of "restricted delivery" in Rule 4(j)(6) is telling of the intent of the drafters, inasmuch as had the drafters intended to require signature by the officer, director, or managing agent, they could have simply inserted that "restricted delivery is required" in Rule 4(j)(6)(c).

Having closely and carefully considered all of the arguments, the undersigned must find that service was effected on September 30, 2005, making such date the starting date for calculating whether removal was timely on November 2, 2005. In computing time under Rule 6(a), Federal Rules of Civil Procedure, the day service was achieved is not counted, but the last day of the period is included. Fed.R.Civ.P. 6(a). With service complete on September 30, 2005, removal must have been accomplished by October 30, 2005, which was a Sunday, making the last day for timely removal the following business day, October 31, 2005. There is no contention that the court was

closed on such day or was otherwise inaccessible. Id. Defendant's removal of this matter on November 2, 2005, was, therefore, two days out of time, making removal untimely as a matter of law.

The court will grant plaintiffs' Motion for Remand of this matter to the North Carolina General Court of Justice, Superior Court Division, for Henderson County. The court makes no finding on any other motion contained in the record, leaving such motions for disposition by the state court.

### III. Payment of Fees and Costs

Finally, Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court of Appeals for the Fourth Circuit explained that Section 1447(c)

> provides the district court with discretion to award fees when remanding a case. Magistrate Judge Davis [a predecessor in office of the undersigned, now retired] did not do so in his remand order and Lowe does not assert that he abused his discretion in failing to order fees. She does ask us to order the district court to award fees now. Even if § 1447(c) empowered us to require the district court to award fees at this juncture, we would decline to do so. There is no evidence of bad faith by either party. Although bad faith is not a prerequisite to an award of attorney's fees under § 1447(c), the very case on which Lowe relies for this proposition notes that there, though the defendant's removal was not necessarily in bad faith, a "cursory examination ... would have revealed" a lack of federal jurisdiction. See Husk v. E.I. Du Pont De Nemours & Co., 842 F.Supp. 895, 899 (S.D.W.Va.1994). As evidenced by the significant proceedings in this court and the court below, the issues in this case are not similarly obvious.

In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996). There has been no "bad faith" on the part of any attorney in this matter and even close review of the service documents would *not* have revealed that this matter was unremovable.

As shown in the pleadings, very experienced attorneys can differ on the issues herein presented, and resolution of those issues is not "obvious" and has required hours of research in addition to the excellent arguments and materials submitted by respective counsel. The

court, therefore, declines to award fees or costs under Section1447(c).

## IV. Conclusion

After careful review of the pleadings, the court finds that this court lacks subject-matter jurisdiction based on untimely removal, that this action was improperly removed, and that it should be remanded to the North Carolina General Court of Justice, Superior Court Division, for Henderson County. This non-case dispositive Order, entered in accordance with 28, United States Code, Section 636(b), will be stayed for 10 days in accordance with the instructions of the district court in <u>Wyatt v. Walt Disney World, Co.</u>, 5:97cv116-V (W.D.N.C. 1999), and the Clerk of this court will be instructed not to certify the remand during the period of such stay to allow any party to appeal this decision to the district court.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Leave to File Additional Response [Surreply] to Plaintiffs' Motion to Remand (#18) is **ALLOWED,** defendant's Notice of Removal in this action is **DEEMED** filed, *nunc pro tunc*, on November 2, 2005, plaintiffs' Motion to Remand is **ALLOWED,** and this action is **REMANDED** to the North Carolina General Court of Justice, Superior Court Division, for Henderson County.

The court declines to consider defendant's Motion to Set Aside Default Judgment (#6), and commends that to the consideration of the state court.

**The Clerk of this court is respectfully instructed to not certify this Order of Remand for 10 days from receipt of such Order by respective counsel (presumptively 3 days from filing) to allow time for the filing and service objections to this Order. Fed.R.Civ.P. 72(a).**

**Signed: January 17, 2006**

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge